SAMUEL ESHON v. THE BOARD OF COMMISSIONERS OF CHOWAN
COUNTY.

*Undertaking on Appeal.*

1. The Clerk has no authority to accept any substitute for the undertaking on appeal, or deposit of money in *lieu* thereof, provided by the statute.

2. *Quære,* whether an appellant can execute a mortgage on real property in *lieu* of a justified undertaking on appeal, under the provisions of The Code, §117; but even if this be so, the statute must be strictly followed.

3. Where the appellant deposited with the Clerk, a bond due to himself, and secured by a mortgage, as a substitute for the undertaking on appeal, *It was held*, not to be a compliance with the statute, and the appeal would be dismissed.

Motion by the plaintiff to dismiss the defendant's appeal, heard at October Term, 1886, of the Supreme Court.

The facts appear in the opinion.

*Mr. Chas. M. Busbee,* for the plaintiff.

No counsel for the defendant.

MERRIMON, J.   The appellee moved to dismiss the appeal, upon the ground, that no undertaking for costs upon appeal had been given, nor was there any sum of money deposited by order of the Court, in *lieu* of such undertaking; nor was there any waiver in writing, by the consent of the appellee, of such undertaking or deposit.

It appears that there was not any such undertaking, deposit or waiver.   The Clerk, however, makes this statement: "No appeal bond filed, but on the 7th day of June, 1886, Jas. C. Warren deposited with me, notes, amounting to $219.94, payable to himself, secured by mortgage on real estate, and verbally instructed me to hold them, as security for the costs of the appeal, in the case of Eshon v. Commissioners, &c.   The appellee did not consent to or have knowledge of the notes being deposited with me."

Manifestly, the Clerk had no authority to accept the notes mentioned, as security, and his action in that respect, went for nought.   He only had authority to accept the undertaking, or deposit of money, in *lieu* of it, as allowed by the statute (The Code, §552), and if these had been waived, as they might have been, by the written consent of the appellee, the appeal would have come to this Court without security.

It was suggested on the argument, that it might be competent for the Clerk to take a mortgage of real property as security, upon appeal, as allowed by the statute, (Acts 1874–'75, Ch. 103; The Code, §117).   If this be granted, that statute was not complied with, either in its terms or effect.   It requires the mortgage to be of real property, made to the party to whom the

undertaking would be required to be made, conditioned to the same effect as such undertaking, with power of sale, which power might be executed upon a breach of any of the conditions of the mortgage, after advertisement for thirty days. The mortgage must be made for the purposes prescribed. This statute is exceptional in its provisions, and must be strictly observed. In this case, the mortgage deposited with the Clerk was not made to the appellee, nor for the purposes of, or in lieu of the undertaking upon appeal. The Clerk had no authority to accept it, and it cannot serve the purpose of the law.

The motion to dismiss the appeal must, therefore, be allowed.

*It is so ordered.*